IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| STEPHANIE ALVAREZ, | § § § | |
| *Plaintiff,* | § § | SA-22-CV-01275-ESC |
| vs. | § § § | |
| KILOLO KIJAKAZI, | § § § | |
| *Defendant.* | § | |

## **ORDER**

Before the Court in the above-styled cause of action is Plaintiff's Unopposed Motion for Attorney Fees Under the Equal Access to Justice Act [#25]. By her motion, Plaintiff asks the Court to award her attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), as the "prevailing party" in the above-styled cause of action. The EAJA provides a mandatory attorney's fee award for a prevailing party that meets certain financial eligibility requirements. *Baker v. Bowen*, 839 F.2d 1075, 1079–80 (5th Cir. 1988). Once the plaintiff establishes these facts, the Commissioner must pay attorney's fees unless he is able to prove that his position was substantially justified, or special circumstances make an award unjust. *Id.*

The record reflects that on December 27, 2023, this Court vacated the Commissioner's decision finding Plaintiff not disabled and remanded this case for further findings and proceedings [#23]. That same day, the Court issued a Final Judgment remanding this case for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g) [#24]. The Fifth Circuit has held that a party who obtains a remand in a Social Security appeal pursuant to the fourth

sentence of § 405(g) qualifies as a prevailing party for purposes of fees under the EAJA. *Breaux v. U.S.D.H.H.S.*, 20 F.3d 1324, 1324 (5th Cir. 1994) (per curiam). Plaintiff's motion argues that the Commissioner's position was not substantially justified by the record as a whole.

Plaintiff has requested fees in the amount of $8,340.00. In support of the instant motion, Plaintiff's counsel has submitted fee records [#25-1] and a copy of the parties' Contingent Fee Agreement [#25-2]. The records reflect that Plaintiff's counsel expended 39.9 hours (5.4 hours of paralegal time and 34.5 hours of attorney time) and billed at a rate of $230.00 per hour. Plaintiff's motion indicates that the Commissioner does not object to Plaintiff's motion or to the amount requested.

Having reviewed the motion and the record, the Court finds that Plaintiff is entitled to an award of attorney's fees under the EAJA as the prevailing party in this case. The Court will therefore grant Plaintiff's motion and order the award of the requested amount of fees to Plaintiff.

**IT IS THEREFORE ORDERED** that Plaintiff's Unopposed Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act [#25] is **GRANTED**.

**IT IS HEREBY ORDERED** that Plaintiff is awarded **$8,340.00** in attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d), made payable to Plaintiff and mailed to Plaintiff's counsel at his address of record.

**IT IS FURTHER ORDERED** that Defendant's payment of this amount bars any and all claims Plaintiff may have relating to EAJA fees and expenses in connection with this action.

**IT IS FINALLY ORDERED** that Defendant's payment of this amount is without prejudice to Plaintiff's right to seek attorney fees under section 206(b) of the Social Security Act, 42 U.S.C. § 406(b), subject to the offset provisions of the EAJA.

**IT IS SO ORDERED.**

SIGNED this 4th day of March, 2024.

_____
ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE